UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JACQUELINE RATHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:19-cv-368 |
| | ) |
| UNILEVER, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Jacqueline Rather ("Rather"), by counsel, against Defendant, Unilever ("Defendant"), for violating the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2. Rather presently resides in Texas; however, at all times relevant to the instant action, Rather resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 29 U.S.C. § 2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4).

6. Rather was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Defendant employs more than fifty (50) employees.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Rather was hired by Defendant in or about April 2004 as a Machine Operator.

10. At all relevant times, Rather met or exceeded Defendant's legitimate performance expectations.

11. Rather suffers from one or more serious health conditions related to her heart, back and knees. Specifically, she had arthroscopic knee surgery, a history of heart attacks and anxiety attacks, all of which she periodically sought FMLA leave for.

12. Rather requested and was approved for intermittent leave under the FMLA. She was allowed two days per week for episodic flare ups of her serious health conditions, most recently for complications due to her having arthroscopic surgery on her knee.

13. On or about June 27, 2018, Defendant terminated Rather's employment due to attendance; specifically, Defendant alleged that Rather had accumulated eight points under its attendance policy which required termination under its policy.

14. At least two of Rather's accumulated points were directly related and covered by her approved intermittent leave under the FMLA. Specifically, she was given points for her absences on June 19th and June 20th despite her calling in to report those dates as FMLA related absences.

## V. CAUSES OF ACTION

### COUNT I – FMLA - INTERFERENCE

15. Rather hereby incorporates paragraphs one (1) through fourteen (14) of her Complaint as if the same were set forth at length herein.

16. Defendant interfered with Rather's rights under the FMLA by failing to provide her with protected leave for absences covered by the FMLA.

17. Defendant's actions were intentional, willful, and in reckless disregard of Salama's rights as protected by the FMLA.

18. Rather suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jacqueline Rather, by counsel, respectfully requests that this Court find for Plaintiff and:

1.  Permanently enjoin Defendants from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her use of the FMLA;

2.  Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3.  Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4.  Award the Plaintiff liquidated damages for Defendant's violations of the FMLA;

5.  Award the Plaintiff her attorney fees, litigation expenses and costs incurred as a result of this action;

6.  Award the Plaintiff pre- and post-judgment interest on all sums recoverable;

7.  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com

*Attorneys for Plaintiff, Jacqueline Rather*

## DEMAND FOR JURY TRIAL

The Plaintiff, Jacqueline Rather, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/ Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com

*Attorneys for Plaintiff, Jacqueline Rather*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2019, service of a complete copy of the above and foregoing document was made upon each party or attorney of record herein by electronic filing on all ECF-registered counsel of record by way of the Court's ECF system.

 /s/Bryan K. Bullock
BRYAN K. BULLOCK